SCURA, WIGFIELD, HEYER, & STEVENS LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
David L. Stevens (ATTORNEY ID 034422007)
*Counsel to the Debtor-In-Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* <br><br> UNIVERSITY COMMUNICATIONS, INC. <br><br> Debtor. <br> ------------------------------------------------ <br> UNIVERSITY COMMUNICATIONS, INC. <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY, <br><br> Defendant. | Case No. 14-28928 <br><br> Chapter 11 <br><br> Judge: Hon. Donald H. Steckroth, U.S.B.J. <br><br> Adv. Pro. No. |

**ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
AND FRAUDULENT TRANSFERS AND DISALLOW CLAIMS PURSUANT TO
11 U.S.C. § 547, § 548, § 550, § 502(d) AND FED. R. BANKR. P 3007, 7001, & 7008**

University Communications, Inc. (referred to as the "Debtor" or "Plaintiff"), by and through their counsel Scura, Wigfield, Heyer, & Stevens LLP, files this complaint to avoid certain transfers made by the Debtor to and for the benefit of American Express Company (the "Defendant"), and hereby alleges as follows:

## INTRODUCTION & PARTIES

1. On September 16, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. The Defendant is an Information Technology Management provider who did business with the Debtor and received more than one transfer from the Debtor.

## JURISDICTION & VENUE

3. This court has jurisdiction over the parties in the subject matter of this proceeding pursuant to 28 U.S.C. § 157 and § 1334.

4. This action is a court proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue of this action is proper is this District pursuant to 28 U.S.C. § 1409(a).

6. The statutory basis for the relief requested in this complaint are 11 U.S.C. § 547, § 548, § 550, § 502(d) and Rules 3007, 7001, and 7008 of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

7. On or within ninety days before the petition date, the Debtor made one or more transfers of an interest in the Debtor's property totaling not less than $77,616.63 consisting of payments to the Defendant on the dates and in the amounts as set forth on Exhibit "A" annexed hereto.

8. Exhibit "A" reflects Plaintiff's current knowledge of the transfers made to the Defendant on or within ninety days prior to the Petition Date.

9. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant on or within ninety days of the Petition Date.

10. Plaintiff's intention is to avoid and recover all such transfers whether such transfers presently reflect in Exhibit "A" or not.

11. All transfers made by the Debtor of an interest of the Debtor in property to, or for the benefit of the Defendant, on or within ninety days prior to the Petition Date (whether such transfers are presently reflected in Exhibit "A" or not) are collectively referred to herein as the "Transfers."

12. Plaintiff reserves the right to amend this complaint so as to include further information on the Transfers, Additional Transfers, Fraudulent Transfers, revision of Defendant's name, additional defendants, and or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. § 542, § 544, § 545, § 547, § 548, and § 549 (collectively referred to as the "Amendments") that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery, or otherwise, and for the Amendments to relate back to the complaint.

### COUNT ONE
### (Avoidance Of Preferential Transfers – 11 U.S.C. § 547)

13. Plaintiff repeats and re-alleges each and every allegation as set forth in the preceding as though fully set forth herein.

14. Under 11 U.S.C. § 547, (b) "the trustee may avoid any transfer of an interest of the debtor in property-(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made-on or within ninety days before the date of filing of the petition; or between ninety days

and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such credit to receive more than such creditor would receive if-(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

15. The Transfer(s) was or were property, or an interest in property, of the Debtor.

16. At all relevant times the Defendant was a creditor of the Debtor as defined by 11 U.S.C. § 101(10).

17. Transfers were made by the Debtor to and for the benefit of the Defendant. The Transfers were for, or on account of, an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

18. The Transfers were made while the Debtor was insolvent.

19. The Transfers were made on or within a year prior to the petition date.

20. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Transfer(s) had not been made; (b) the Debtor's chapter 11 case was a case under chapter 7 of the Bankruptcy Code, and (c) the Defendant had received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

21. Each of the Transfer(s) are avoidable pursuant to 11 U.S.C § 547.

## COUNT TWO
### (Fraudulent Transfers - 11 U.S.C. § 548 )

22. Plaintiff repeats and re-alleges each and every allegation as set forth in the preceding paragraphs as though fully set forth herein.

23. To the extent that one or more of the transfers were not on account of any antecedent debt or pre-payments for goods subsequently received, the Debtor did not receive the reasonably equivalent value in exchange for such Transfer (the "Fraudulent Transfers").

24. Under 11 U.S.C § 548(a)(1), "Trustee may void any transfer of the interest of the Debtor in property or any obligation incurred by the Debtor, made or incurred on or within one year before the date of the filing of the petition, if the Debtor voluntarily or involuntarily - (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

25. In accordance with the foregoing, the Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT THREE
### (Recovery of Property – 11 U.S.C. § 550 )

26. Plaintiff repeats and re-alleges each and every allegation as set forth in the preceding paragraphs as though fully set forth herein.

27. Defendant was (i.) the initial Transferee of the Transfers, and or the Fraudulent Transfers; (ii.) the immediate or mediate Transferee of the Transfers, and or the Fraudulent Transfers or; (iii.) the entity for whose benefit the Transfers, and or the Fraudulent Transfers, were made.

28. Plaintiff is entitled to avoid the Transfers described above pursuant to 11 U.S.C. § 547.

29. Plaintiff is entitled to avoid the Fraudulent Transfers described above pursuant to 11 U.S.C. § 548.

30. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than the sum of the Transfers, and or Fraudulent Transfers, plus interest, and the costs of this action.

## COUNT FOUR
### (Disallowance of Claims – 11 U.S.C. § 502(d) )

31. The Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this complaint as though fully set forth herein.

32. Defendant is a Transferee of a Transfer by the Debtor avoidable under 11 U.S.C. § 547 and or Fraudulent Transfers avoidable under 11 U.S.C. § 548 which are recoverable from the Defendant under 11 U.S.C. § 550.

33. Pursuant to 11 U.S.C. § 502(d), in the event that the Defendant is liable for any avoidable Transfers under 11 U.S.C. § 547 and or any avoidable Fraudulent Transfers under 11 U.S.C. § 548, any claims held by the Defendant against the Debtor must be disallowed unless the Defendant pays the amount of the Transfers and or Fraudulent Transfers.

                                                SCURA, WIGFIELD, HEYER, & STEVENS, LLP
                                                Attorneys for the Debtor

Dated: November 5, 2014           BY: /s/ David L. Stevens_____
                                                  David L. Stevens
                                                  Counsel to Debtor University
                                                  Communications, Inc.

# EXHIBIT "A"

5:01 PM
09/26/14

# UCI

## University Communications, Inc.
### Transaction List by Vendor
June 15 through September 15, 2014

| Type | Date | Num | Memo | Account | Clr | Split | Debit | Credit |
|---|---|---|---|---|---|---|---|---|
| **AMERICAN EXPRESS ACH PMT** | | **A031** | | | | | | |
| Check | 06/30/2014 | 4 | WEB ID: 200... | 1025 · Cash in Ban... | X | 2105 · Business Platinum AMEX... | | 2,500.00 |
| Check | 06/30/2014 | 6 | WEB ID: 200... | 1025 · Cash in Ban... | X | 2107 · AMEX Delta Reserve 410... | | 500.00 |
| Check | 07/07/2014 | | TRN: 1885450268TC | 1025 · Cash in Ban... | X | 2109 · Starwood Preferred Gues... | | 64.00 |
| Check | 08/12/2014 | | 2005032111 | 1026 · Chase Sec ... | X | 2105 · Business Platinum AMEX... | | 10,000.00 |
| **AMERICAN EXPRESS ACH PMT** | | **A042** | | | | | | |
| Check | 08/05/2014 | 6 | CCD ID: 9493... | 1025 · Cash in Ban... | X | 2109 · Starwood Preferred Gues... | | 35.00 |
| **AMERICAN EXPRESS ACH PMT** | | **A210** | | | | | | |
| Check | 08/19/2014 | 2 | CCD ID: 9493... | 1025 · Cash in Ban... | X | 2106 · Starwood Business Card | | 1,226.00 |
| **AMERICAN EXPRESS ACH PMT** | | **A343** | | | | | | |
| Check | 07/01/2014 | 4 | CCD ID: 9493... | 1025 · Cash in Ban... | X | 2106 · Starwood Business Card ... | | 873.00 |
| **AMERICAN EXPRESS ACH PMT** | | **A390** | | | | | | |
| Check | 09/05/2014 | 2 | CCD ID: 9493... | 1025 · Cash in Ban... | X | 2110 · Platinum Delta Skymiles ... | | 35.00 |
| Check | 09/05/2014 | 0 | CCD ID: 9493... | 1025 · Cash in Ban... | X | 2109 · Starwood Preferred Gues... | | 143.00 |
| **AMERICAN EXPRESS ACH PMT** | | **D097** | | | | | | |
| Check | 07/22/2014 | 8 | PPD ID: 9493... | 1025 · Cash in Ban... | X | 2105 · Business Platinum AMEX... | | 18,480.18 |
| **American Express ACH PMT** | | **W030** | | | | | | |
| Check | 07/02/2014 | 6 | WEB ID: 200... | 1025 · Cash in Ban... | X | 2105 · Business Platinum AMEX... | | 3,000.00 |
| **American Express ACH PMT** | | **W037** | | | | | | |
| Check | 07/16/2014 | 4 | WEB ID: 200... | 1025 · Cash in Ban... | X | 2105 · Business Platinum AMEX... | | 1,500.00 |
| **American Express ACH PMT** | | **W130** | | | | | | |
| Check | 09/03/2014 | 6 | WEB ID: 200... | 1026 · Chase Sec ... | M | 2105 · Business Platinum AMEX... | | 10,000.00 |
| **American Express ACH PMT** | | **W175** | | | | | | |
| Check | 06/20/2014 | 2 | WEB ID: 200... | 1025 · Cash in Ban... | X | 2105 · Business Platinum AMEX... | | 2,000.00 |
| **American Express ACH PMT** | | **W447** | | | | | | |
| Check | 08/28/2014 | 0 | WEB ID: 200... | 1026 · Chase Sec ... | X | 2105 · Business Platinum AMEX... | | 9,760.45 |
| **American Express ACH PMT** | | **W871** | | | | | | |
| Check | 08/18/2014 | 8 | WEB ID: 200... | 1026 · Chase Sec ... | X | 2107 · AMEX Delta Reserve 410... | | 1,000.00 |
| **American Express ACH PMT** | | **W881** | | | | | | |
| Check | 08/22/2014 | 8 | WEB ID: 200... | 1026 · Chase Sec ... | X | 2105 · Business Platinum AMEX... | | 12,000.00 |
| **American Express ACH PMT** | | **W916** | | | | | | |
| Check | 07/17/2014 | 2 | WEB ID: 200... | 1025 · Cash in Ban... | X | 2105 · Business Platinum AMEX... | | 3,000.00 |
| **American Express ACH PMT** | | **W955** | | | | | | |
| Check | 06/18/2014 | 6 | WEB ID: 200... | 1025 · Cash in Ban... | X | 2105 · Business Platinum AMEX... | | 1,500.00 |

Handwritten annotations: $6255 ; $77 616 163 ; (1)